Michael M. Ahmadshahi, PhD, Esq. (Bar No. 219933)
Email: mahmadshahi@mmaiplaw.com
AHMADSHAHI LAW OFFICES
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Telephone: 949.556.8800
Facsimile: 949.798.5501
Attorney for Plaintiff
MITII, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MITII, INC. a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>OPENAI GLOBAL, LLC, a Delaware Limited Liability Company<br><br>Defendant. | Civil Action No.: 8:25-CV-02273<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MITII, Inc. ("MITII" or "Plaintiff") for its causes of action against defendant OpenAI Global, LLC ("OpenAI" or "Defendant") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for damages and injunctive relief to remedy the infringement by Defendant OpenAI of United States Patent Nos. 9,397,972 (the "'972 Patent"), 9,667,574 (the "'574 Patent"), 10,616,157 (the "'157 Patent"), and 11,005,796 (the "'796 Patent") (collectively "Patents").

## PARTIES

2. Plaintiff MITII is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California, and has its principal place of business in Orange County, California.

3. Upon information and belief, Defendant OpenAI is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Delaware, authorized to do business in the State of California, and has its principal place of business in San Fransico County, California.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. §§ 271 and 281, and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States.

5. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products and services in this judicial district, and by committing acts of infringement in this judicial district, including but not limited to providing the Sora App directly to consumers and/or retailers in this district and into the stream of commerce knowing such products and services would be provided in California and this district, which acts form a substantial part of the events or omissions giving rise to MITII's claim.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(d), and 1400(b), specifically because a substantial part of the events and omissions giving rise to this Complaint occurred within the Central District.

## COMMON ALLEGATIONS

7. MITII, dba TEXTOLLA, is an intellectual property holding company, established in 2014 and headquartered in Newport Beach, California. MITII's intellectual property includes patents directed to text-to-video technology. Under the direction of one of its inventors, Miroslawa Bruns who is an occupational therapist working with Special-Ed children, the inventive text-to-video technology was developed to help children with autism. By including well-known characters in the text-to-video media, the children's engagement with everyday activity is substantially improved.

8. On July 19, 2016, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '972 Patent, titled "Animated Delivery of Electronic Messages." MITII is the owner by assignment of all right, title, and interest in the '972 Patent. A true and correct copy of the '972 Patent is attached hereto as Exhibit-1.

9. On May 30, 2017, the USPTO duly and lawfully issued the '574 Patent, titled "Animated Delivery of Electronic Messages." MITII is the owner by assignment of all right, title, and interest in the '574 Patent. A true and correct copy of the '972 Patent is attached hereto as Exhibit-2.

10. On April 7, 2020, the USPTO duly and lawfully issued the '157 Patent, titled "Animated Delivery of Electronic Messages." MITII is the owner by assignment of all right, title, and interest in the '157 Patent. A true and correct copy of the '972 Patent is attached hereto as Exhibit-3.

11. On May 11, 2021, the USPTO duly and lawfully issued the '796 Patent, titled "Animated Delivery of Electronic Messages." MITII is the owner by

assignment of all right, title, and interest in the '796 Patent. A true and correct copy of the '972 Patent is attached hereto as Exhibit-4.

12. OpenAI is an artificial intelligence (AI) company headquartered in San Francisco, California. OpenAI makes and distributes the GPT family of large language models, specifically the test-to-video model, which it calls Sora ("Sora"). Sora is a text-to-video App which practices the claims of MITII's Patents. OpenAI also operates one or more computing systems to execute software ("Computing Hardware and Processes") which allow consumers to use Sora.

13. Defendant OpenAI makes, uses, sells, offers for sale, and/or imports into the United States its infringing Sora and Computing Hardware and Processes (collectively "Accused Product") that have infringed MITII's Patents.

14. MITII has provided the public with constructive notice of its Patents rights pursuant to 35 U.S.C. § 287.

## COUNT I: PATENT INFRINGEMENT (35 U.S.C. § 271)

15. Plaintiff realleges and incorporate by reference the allegations of paragraphs 1–14 inclusive, as though fully set forth.

16. Defendant has directly infringed, and continues to infringe, at least claims 1 and 19 of the '972 Patent, by making, using, offering to sell, selling, and/or importing in the United States the Accused Product, in violation of 35 U.S.C. § 271(a).

17. Defendant has further indirectly infringed the asserted claims of the '972 Patent by actively inducing others, including customers and end-users, to infringe the '972 Patent with knowledge of the '972 Patent and intent that such acts constitute infringement, in violation of 35 U.S.C. § 271(b).

18. In addition, Defendant has contributorily infringed the asserted claims by offering to sell or selling within the United States, or importing into the United States, components specially made or adapted for use in practicing the '972 Patent,

which are not staple articles of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

19. As an illustrative example shown below, the Accused Product has each of the limitations in at least claim 1 of the '972 Patent. The description of the Accused Product below shows that the Accused Product infringes at least claim 1 of the '972 Patent.



| | Claim Limitation | Element of Accused Product |
|---|---|---|
| 1 | A machine implemented method of communicating | The Accused Product is a machine implemented method of communicating |
| | composing an electronic message, via a first device having a processing unit and program code stored on a storage device of said first device | The Accused Product practices the step of composing an electronic message, via a first device having a processing unit and program code stored on a storage device of said first device |
| | selecting a well-known animation character, via the first device | The Accused Product practices the step of selecting a well-known animation character, via the first device |
| | transmitting the electronic message, via the first device | The Accused Product practices the step of transmitting the electronic message, via the first device |
| | transmitting the well-known animation character, via the first device | The Accused Product practices the step of transmitting the well-known animation character, via the first device |
| | receiving the electronic message, via a server having a processing unit and program code stored on a storage device of said server | The Accused Product practices the step of receiving the electronic message, via a server having a processing unit and program code stored on a storage device of said server |
| | receiving the well-known animation character, via the server | The Accused Product practices the step of receiving the well-known animation character, via the server |
| | converting the electronic message into speech using one of synthesized voice of the well-known animation character and actual voice of the well-known animation character, via the server | The Accused Product practices the step of converting the electronic message into speech using one of synthesized voice of the well-known animation character and actual voice of the well-known animation character, via the server |

| | |
|---|---|
| generating moving images of the well-known animation character, via the server | The Accused Product practices the step of generating moving images of the well-known animation character, via the server |
| transmitting the speech, via the server | The Accused Product practices the step of transmitting the speech, via the server |
| transmitting the moving images, via the server | The Accused Product practices the step of transmitting the moving images, via the server |
| receiving the speech, via a second device having a processing unit and program code stored on a storage device of said second device | The Accused Product practices the step of receiving the speech, via a second device having a processing unit and program code stored on a storage device of said second device |
| receiving the moving images, via the second device | The Accused Product practices the step of receiving the moving images, via the second device |
| outputting the speech, via the second device | The Accused Product practices the step of outputting the speech, via the second device |
| displaying the moving images, via the second device | The Accused Product practices the step of displaying the moving images, via the second device |

20. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to MITII.

21. Pursuant to 35 U.S.C. § 284, MITII is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

22. Pursuant to 35 U.S.C. § 285, MITII is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

23. Pursuant to 35 U.S.C. § 289, MITII is entitled to Defendant's total profits from Defendant's infringement of the '972 Patent.

24. Due to the aforesaid infringing acts, MITII has suffered great and irreparable injury, for which MITII has no adequate remedy at law.

25. Defendant will continue to infringe MITII's patent rights to the great and irreparable injury of MITII, unless enjoined by this Court.

## COUNT II: PATENT INFRINGEMENT (35 U.S.C. § 271)

26. Plaintiff realleges and incorporate by reference the allegations of paragraphs 1–25 inclusive, as though fully set forth.

27. Defendant has directly infringed, and continues to infringe, at least claims 4 and 15 of the '574 Patent, by making, using, offering to sell, selling, and/or importing in the United States the Accused Product, in violation of 35 U.S.C. § 271(a).

28. Defendant has further indirectly infringed the asserted claims of the '574 Patent by actively inducing others, including customers and end-users, to infringe the '574 Patent with knowledge of the '574 Patent and intent that such acts constitute infringement, in violation of 35 U.S.C. § 271(b).

29. In addition, Defendant has contributorily infringed the asserted claims by offering to sell or selling within the United States, or importing into the United States, components specially made or adapted for use in practicing the '574 Patent, which are not staple articles of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

30. As an illustrative example shown below, the Accused Product has each of the limitations in at least claim 4 of the '574 Patent. The description of the Accused Product below shows that the Accused Product infringes at least claim 4 of the '574 Patent.

|   | Claim Limitation | Element of Accused Product |
|---|---|---|
| 4 | A machine implemented method of communicating | The Accused Product is a machine implemented method of communicating |
|   | receiving an electronic message, via a server having a processing unit and | The Accused Product practices the step of receiving an electronic message, via a server having a |

| program code stored on a storage device of said server | processing unit and program code stored on a storage device of said server |
|---|---|
| receiving a well-known animation character, via the server | The Accused Product practices the step of receiving a well-known animation character, via the server |
| converting the electronic message into speech using one of synthesized voice of the well-known animation character and actual voice of the well-known animation character, via the server | The Accused Product practices the step of converting the electronic message into speech using one of synthesized voice of the well-known animation character and actual voice of the well-known animation character, via the server |
| generating moving images of the well-known animation character, via the server | The Accused Product practices the step of generating moving images of the well-known animation character, via the server |
| transmitting the speech, via the server | The Accused Product practices the step of transmitting the speech, via the server |
| transmitting the moving images, via the server | The Accused Product practices the step of transmitting the moving images, via the server |

31. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to MITII.

32. Pursuant to 35 U.S.C. § 284, MITII is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

33. Pursuant to 35 U.S.C. § 285, MITII is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

34. Pursuant to 35 U.S.C. § 289, MITII is entitled to Defendant's total profits from Defendant's infringement of the '574 Patent.

35. Due to the aforesaid infringing acts, MITII has suffered great and irreparable injury, for which MITII has no adequate remedy at law.

36. Defendant will continue to infringe MITII's patent rights to the great and irreparable injury of MITII, unless enjoined by this Court.

## COUNT III: PATENT INFRINGEMENT (35 U.S.C. § 271)

37. Plaintiff realleges and incorporate by reference the allegations of paragraphs 1–36 inclusive, as though fully set forth.

38. Defendant has directly infringed, and continues to infringe, at least claims 14 and 20 of the '157 Patent, by making, using, offering to sell, selling, and/or importing in the United States the Accused Product, in violation of 35 U.S.C. § 271(a).

39. Defendant has further indirectly infringed the asserted claims of the '157 Patent by actively inducing others, including customers and end-users, to infringe the '157 Patent with knowledge of the '157 Patent and intent that such acts constitute infringement, in violation of 35 U.S.C. § 271(b).

40. In addition, Defendant has contributorily infringed the asserted claims by offering to sell or selling within the United States, or importing into the United States, components specially made or adapted for use in practicing the '157 Patent, which are not staple articles of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

41. As an illustrative example shown below, the Accused Product has each of the limitations in at least claim 20 of the '157 Patent. The description of the Accused Product below shows that the Accused Product infringes at least claim 20 of the '157 Patent.

42. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to MITII.



| Claim Limitation | Element of Accused Product |
|---|---|
| 20. A computer network system for communication | The Accused Product is a computer network system for communication |
| (a) a first device having a processing unit and program code stored on a storage device of said first device, said program code to perform | The Accused Product comprises (a) a first device having a processing unit and program code stored on a storage device of said |

| | |
|---|---|
| a method when executed by said processing unit, said method, comprising:<br>    (i)    composing an electronic message;<br>    (ii)    selecting a well-known animation character;<br>    (iii)    transmitting the electronic message and the well-known animation character; | first device, said program code to perform a method when executed by said processing unit, said method, comprising:<br>    (i)    composing an electronic message;<br>    (ii)    selecting a well-known animation character;<br>    (iii)    transmitting the electronic message and the well-known animation character; |
|     (b)    a server having a processing unit and program code stored on a storage device of said server, said program code to perform a method when executed by said processing unit, said method, comprising:<br>    (i)    receiving the electronic message and the well-known animation character;<br>    (ii)    converting the electronic message into speech using one of synthesized voice of the well-known animation character and actual voice of the well-known animation character;<br>    (iii)    transmitting the speech and previously stored moving images of the well-known animation character; | The Accused Product comprises<br>    (b)    a server having a processing unit and program code stored on a storage device of said server, said program code to perform a method when executed by said processing unit, said method, comprising:<br>    (i)    receiving the electronic message and the well-known animation character;<br>    (ii)    converting the electronic message into speech using one of synthesized voice of the well-known animation character and actual voice of the well-known animation character;<br>    (iii)    transmitting the speech and previously stored moving images of the well-known animation character; |
|     (c)    a second device having a processing unit and program code stored on a storage device of said second device, said program code to perform a method when executed by said processing unit, said method, comprising | The Accused Product comprises<br>    (c)    a second device having a processing unit and program code stored on a storage device of said second device, said program code to perform a method when executed by said processing unit, said |

| | |
|---|---|
| (i) receiving the electronic message and the moving images; and<br>(ii) outputting the speech and displaying the moving images. | method, comprising<br>(i) receiving the electronic message and the moving images; and<br>(ii) outputting the speech and displaying the moving images. |

43. Pursuant to 35 U.S.C. § 284, MITII is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

44. Pursuant to 35 U.S.C. § 285, MITII is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

45. Pursuant to 35 U.S.C. § 289, MITII is entitled to Defendant's total profits from Defendant's infringement of the '157 Patent.

46. Due to the aforesaid infringing acts, MITII has suffered great and irreparable injury, for which MITII has no adequate remedy at law.

47. Defendant will continue to infringe MITII's patent rights to the great and irreparable injury of MITII, unless enjoined by this Court.

## COUNT IV: PATENT INFRINGEMENT (35 U.S.C. § 271)

48. Plaintiff realleges and incorporate by reference the allegations of paragraphs 1–47 inclusive, as though fully set forth.

49. Defendant has directly infringed, and continues to infringe, at least claims 9 and 19 of the '796 Patent, by making, using, offering to sell, selling, and/or importing in the United States the Accused Product, in violation of 35 U.S.C. § 271(a).

50. Defendant has further indirectly infringed the asserted claims of the '796 Patent by actively inducing others, including customers and end-users, to infringe the '796 Patent with knowledge of the '796 Patent and intent that such acts constitute infringement, in violation of 35 U.S.C. § 271(b).

51. In addition, Defendant has contributorily infringed the asserted claims by offering to sell or selling within the United States, or importing into the United States, components specially made or adapted for use in practicing the '796 Patent, which are not staple articles of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

52. As an illustrative example shown below, the Accused Product has each of the limitations in at least claim 20 of the '796 Patent. The description of the Accused Product below shows that the Accused Product infringes at least claim 9 of the '796 Patent.

53. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to MITII.

54. Pursuant to 35 U.S.C. § 284, MITII is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

55. Pursuant to 35 U.S.C. § 285, MITII is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

56. Pursuant to 35 U.S.C. § 289, MITII is entitled to Defendant's total profits from Defendant's infringement of the '796 Patent.

57. Due to the aforesaid infringing acts, MITII has suffered great and irreparable injury, for which MITII has no adequate remedy at law.

58. Defendant will continue to infringe MITII's patent rights to the great and irreparable injury of MITII, unless enjoined by this Court.

| | Claim Limitation | Element of Accused Product |
|---|---|---|
| 9 | A non-transitory machine-readable storage medium, which provides instructions that, when executed by a processing unit, causes the processing unit to perform communication operations according to a method comprising | The Accused Product is a non-transitory machine-readable storage medium, which provides instructions that, when executed by a processing unit, causes the processing unit to perform |

| | |
|---|---|
| (i) receiving an electronic message and a well-known animation character, via a device having a processing unit and program code stored on a storage device of said device;<br>(ii) converting the electronic message into speech using one of synthesized voice of the well-known animation character and actual voice of the well-known animation character, via the device; and<br>(iii) outputting the speech and displaying previously stored moving images of a combination of a portion of the well-known animation character and a concomitant image, via the device. | communication operations according to a method comprising<br>(i) receiving an electronic message and a well-known animation character, via a device having a processing unit and program code stored on a storage device of said device;<br>(ii) converting the electronic message into speech using one of synthesized voice of the well-known animation character and actual voice of the well-known animation character, via the device; and<br>(iii) outputting the speech and displaying previously stored moving images of a combination of a portion of the well-known animation character and a concomitant image, via the device. |

## **REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

A. An Order adjudging Defendant to have willfully infringed the Patents under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from directly or indirectly infringing the Patents in violation of 35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation of Defendant's infringing Accused Product, and any products that are not colorably different from these products;

C. That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the Patents in violation of 35 U.S.C. § 271, and that Defendant pay to MITII all damages suffered by MITII and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

D. An Order adjudging that this is an exceptional case, including each of MITII's patent infringement claims;

E. That MITII recover exemplary damages pursuant to California Civil Code § 3294;

F. An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

G. An award to MITII of the attorneys' fees, expenses, and costs incurred by MITII in connection with this action pursuant to 35 U.S.C. § 285;

H. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

I. Granting Plaintiff such other and further relief as the Court may deem just.

Respectfully submitted,

Dated: October 9, 2025,     AHMADSHAHI LAW OFFICES

By:  /s/Michael M. Ahmadshahi
     Michael M. Ahmadshahi, PhD, Esq.
     Attorney for Plaintiff
     MITII, Inc.

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury on all matters to which they are entitled by law.

Dated: October 9, 2025,

By: /s/ Michael M. Ahmadshahi
Michael M. Ahmadshahi, PhD, Esq.
AHMADSHAHI LAW OFFICES
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Telephone: 949.556.8800
Facsimile:  949.798.5501
Email:  mahmadshahi@mmaiplaw.com
Attorney for Plaintiff
MITII, Inc.